UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH MAJOR,

    Petitioner,

v.                                               Case No. 13-12541

ROBERT NAPEL,

    Respondent.
                                                                     /

**OPINION AND ORDER (1) SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS; (2) DENYING THE MOTION TO HOLD THE PETITION IN ABEYANCE; AND (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

      Petitioner Keith Major, presently incarcerated at the Marquette Branch Prison in Marquette, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for first-degree home invasion, Mich. Comp. Laws § 750.110a(2); Mich. Stat. Ann. 28.305(a)(2), and assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84; Mich. Stat. Ann. 28.279. Petitioner has also requested that the petition for writ of habeas corpus be held in abeyance pending the completion of state post-conviction proceedings. For the reasons stated below, the motion to hold the petition in abeyance will be denied, and the petition for writ of habeas corpus will be summarily dismissed without prejudice.

## I. BACKGROUND

Petitioner was found guilty of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Major*, No. 300238 (Mich. Ct. App. Feb. 23, 2012); *leave to appeal denied at* 817 N.W. 61 (Mich. 2012). Petitioner subsequently filed a post-conviction motion for relief from judgment with the Wayne County Circuit Court, which remains pending with that court. Petitioner now seeks a writ of habeas corpus on the following grounds:

> I.  Defendant was denied the effective assistance of counsel at trial.
>
> II. Verdicts of guilty based upon insufficient evidence constituted a denial of due process.
>
> III. Defendant's appellate counsel denied him his Sixth Amendment right to effective assistance of counsel when he failed to request an evidentiary (*Ginther*) hearing to explore trial counsel's ineffectiveness.
>
> IV. Trial counsel was ineffective based on her: (A) failure to object to the prosecution's suppression of exculpatory evidence; (B) failure to object to the prosecution's failure to produce the res gestae for trial; and (C) failure to object to defendant's sentence which was based on inaccurate information.
>
> V. Defendant was denied his right to confront his accusers when the prosecutor failed to produce the blood/DNA evidence analysis and results compiled by the state crime lab and/or denied defendant his confrontation rights as guaranteed under the Sixth Amendment when the blood/DNA evidence was not properly processed in this case.
>
> VI. Defendant was denied his Sixth Amendment due process rights when the sentencing courts sentenced him based on inaccurate information.

## II. DISCUSSION

The instant petition is subject to dismissal because it contains four claims which, by Petitioner's admission, have yet to be exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b)-(c). *See Picard v. Connor*, 404 U.S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act ("AEDPA") preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004) (*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)); *see also Welch*, 49 F. Supp. 2d at 998. The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See* 28 U.S.C. § 2254(b)(3); *Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003).

By his own admission, Petitioner's third through sixth claims were not raised on his direct appeal. Petitioner has raised these claims in his post-conviction motion for relief from judgment, which remains pending in the Wayne County Circuit Court. Petitioner's third through sixth claims are unexhausted because he raised these claims in his post-conviction motion, but that motion has not yet been ruled on by the Wayne County Circuit Court. Moreover, if the Wayne County Circuit Court denied Petitioner's

3

motion for relief from judgment, Petitioner would be required to appeal the denial of that motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust these claims. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). Where a habeas petitioner has an opportunity under state law to file an appeal following the state trial court's denial of his state post-conviction motion, the petitioner has failed to exhaust his state court remedies. *See Cox v. Cardwell*, 464 F. 2d 639, 644-45 (6th Cir. 1972).

Petitioner argues that his third through sixth claims were not presented to the Michigan appellate courts as part of his direct appeal because of the ineffectiveness of his appellate counsel. An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

The mere fact that appellate counsel may have been ineffective in failing to raise Petitioner's third through sixth claims on his appeal of right would not render exhaustion futile because Petitioner still has available state court remedies with which to exhaust his claims. *See Gray v. Wingo,* 391 F. 2d 268, 269 (6th Cir. 1967) (petition for writ of habeas corpus which raised claim that court-appointed counsel failed to ask for a new trial or to appeal was properly denied, since petitioner had not availed himself to

4

Kentucky's post-conviction procedures). Petitioner's ineffective assistance of appellate counsel, in fact, is itself subject to the exhaustion requirement. *See Baldwin v. Reese*, 541 U.S. 27, 30-33 (2004).

The court concludes that four of Petitioner's claims have not been exhausted with the state courts and that Petitioner has failed to show that it would be futile to do so. A habeas petitioner may not present a "mixed" petition containing both exhausted and unexhausted claims to a federal court. *Rockwell v. Yukins*, 217 F. 3d 421, 423 (6th Cir. 2000). Although this requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a federal court absent exceptional or unusual circumstances. *Id.* Moreover, with the AEDPA, Congress made it clear that the only circumstance in which mixed petitions may be considered by a district court is where the court determines that the petition must be dismissed in its entirety. *Id.* at 424.

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). Petitioner has an available state court remedy with which to exhaust his third through sixth claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500 *et seq. See Wagner*, 581 F. 3d at 419; *see also Mikko v. Davis*, 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could exhaust these claims by filing a post-conviction motion for relief from judgment with the Wayne County Circuit Court under Michigan Court Rule 6.502, which he has already done. A trial court is authorized to appoint counsel for petitioner, seek a

response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing.  Mich. Ct. R. 6.505-6.507, 6.508(B)-(C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal.  Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302; *see also Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so.  Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *see Rhines v. Weber*, 544 U.S. 269 (2005), there are no exceptional or unusual circumstances present which would justify holding the instant petition for writ of habeas corpus in abeyance pending Petitioner's completion of his state post-conviction proceedings, rather than dismissing it without prejudice.  In this case, the Michigan Supreme Court denied Petitioner's application for leave to appeal on July 24, 2012.  However, the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day.  Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the ninety-day time period for seeking certiorari with the U.S. Supreme Court expired.  *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).  Because Petitioner did not seek a writ of certiorari with the United States

Supreme Court, Petitioner's judgment became final, for the purpose of commencing the running of the one-year limitations period, on October 22, 2012. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed the instant petition with the court on June 6, 2013, after a little over seven months had elapsed on the one-year statute of limitations.[1] The court is dismissing the petition without delay. Moreover, Petitioner has already filed a post-conviction motion for relief from judgment, which remains pending in the state court. 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by Petitioner. Because Petitioner has almost five months remaining under the limitations period following the conclusion of his state post-conviction proceedings, and the unexpired portion of that period would be tolled during the pendency of Petitioner's state post-conviction proceedings, Petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for Petitioner's claims. *See Schroeder v. Renico*, 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001). Accordingly, the court will dismiss the instant petition without prejudice.

### III. A CERTIFICATE OF APPEALABILITY

---

[1] Under the prison mailbox rule, the court will assume that Petitioner actually filed his habeas petition on June 6, 2013, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882 n.1 (E.D. Mich. 2001).

The court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a).

The court declines to issue a certificate of appealability because "jurists of reason" would not find it debatable whether this court was correct in its procedural ruling that Petitioner had failed to properly exhaust his third through sixth claims with the state courts. *See, e.g.*, *Colbert v. Tambi*, 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The

8

court will also deny Petitioner leave to appeal *in forma pauperis* because the appeal would be frivolous. *Myers v. Straub*, 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## IV. CONCLUSION

Accordingly, IT IS ORDERED that the petition for writ of habeas corpus [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Petitioner's motion to hold in abeyance the petition for writ of habeas corpus is DENIED.

Finally, IT IS ORDERED that the court DECLINES TO ISSUE a certificate of appealability and DENIES leave to proceed *in forma pauperis* on appeal.


      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated:  July 17, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 17, 2013, by electronic and/or ordinary mail.

      s/Richard Loury for Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522